UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS.                                              CR – 18 – 30 – WES

ADEMOLA KAYODE

DEFENDANT'S TRIAL MEMORANDUM

Now comes the Defendant, Ademola Kayode, by and through his attorney, Pamela Chin, Esq. and hereby submits this pretrial memorandum for the Court's consideration.

The Indictment

Mr. Kayode has been charged with five separate offenses. Mr. Kayode has been charged with various offenses surrounding the purchase and sale of multiple firearms in both the States of Rhode Island and Georgia. Specifically, the defendant is charged with engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D); possessing firearms as an unlawful user of controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); making false statements during the purchase of firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and making false statements to federal agents in violation of 18 U.S.C. §1001(a)(2).

Brief Factual Summary

Mr. Kayode during the 2015 and 2016 purchased firearms from various locations in both the States of Rhode Island and Georgia. In total, he purchased 16 firearms

between March 25, 2015 and July 16, 2016.  At the time when he made these purchases, Mr. Kayode maintains that he was not a prohibited person as the Government alleges.

As part of the this investigation, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives made observations of Mr. Kayode going to D&L Shooting Supplies to purchase firearms.  The paperwork the agents obtained included information which Mr. Kayode reported to the business as required by law.  He used a valid ID to make these purchases and did nothing to conceal his identity.

On July 28, 2016, ATF agents went to Mr. Kayode's place of residence in Warwick, Rhode Island to interview him about his firearm purchases.  He explained to the agents that he did in fact purchase the handguns.  He also told agents that he did on occasion smoke marijuana.  Mr. Kayode indicated to the agents that he sold some of the firearms in Georgia as private sales which he also maintains he did lawfully.  During the course of this interrogation, Mr. Kayode allowed the agents to search for any firearms on the premises to which they found none, however, agents did seize various items, including ammunition, personal paperwork, Mr. Kayode's cellphones and rolling papers.

Two days later, Mr. Kayode did go to the Warwick Police Department and report that several firearms were stolen from a shed located on the same property where he was residing when he was interviewed by the agents.  Mr. Kayode stated that he moved these firearms from his bedroom approximately one week prior to the theft.  Mr. Kayode also stated that other items were stolen from the shed, including gardening equipment.

Almost two years later, Mr. Kayode was arrested by ATF agents on March 25, 2018.  Mr. Kayode made another statement to the agents after his arrest.  At this time, he did advise the agents that some of the firearms that he had purchased had been stolen.

It is expected that the Government will attempt to utilize items obtained from Mr. Kayode's cellphone extraction to implicate Mr. Kayode in firearms transactions as well as marijuana usage.

Of the various firearms which Mr. Kayode purchased, the Government has advised that five of those firearms were recovered in various locations, including Rhode Island, Georgia and New York. The parties have stipulated to the recovery of these weapons. The parties have further stipulated that the individuals who were in control of the premises or the firearm at the time of their recovery were prohibited individuals. Finally, the parties have stipulated that the Government has no evidence which ties Mr. Kayode to any of these individuals' acquisition of the firearms.

Legal Issues

In this case, the primary issues will be whether or not the Government can meet its burden of proof to establish whether Mr. Kayode was engaging in the business of dealing in firearms without a license as defined by the United States Code and whether he was a prohibited person pursuant to 18 U.S.C. § 922(g)(3) at the time he acquired the firearms. Simply put, it is whether or not the facts which the Government submits to the jury will be sufficient to prove he violated the provisions beyond a reasonable doubt.

The Government has the burden of proving beyond a reasonable doubt that Mr. Kayode was an unlawful user of a controlled substance, namely marijuana, when he possessed firearms. In additions, with respect to his alleged marijuana usage, the Government also needs to prove that at the time when Mr. Kayode completed the ATF Forms to acquire the firearms he was in act an unlawful user of a controlled substance, specifically, marijuana.

Unlike in other cases, this case will rise or fall based upon whether or not the Government can prove beyond a reasonable doubt that Mr. Kayode's actions fall into the classification of conduct intended to be criminalized under these statutes.

### Requested *Voir Dire*, Exhibit List and Jury Instructions

The defense will file its proposed *voir dire* questions, exhibit list (if any) and jury instructions separately.

### Expected Number of Trial Days

The defense expect that the trial on the merits will require two days, barring any unforeseen issues.

Respectfully submitted,
ADEMOLA KAYODE

BY:

/s/ Pamela Chin

_____
Pamela Chin, Esquire (#5752)
Lynch & Pine, Attorneys At Law
One Park Row, 5th Floor
Providence, Rhode Island 02903
(401 274-3306 ext. 229
pchin@lynchpine.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, via the ECF Filing System, and cause to be delivered, a true copy of the within Trial Memorandum to Assistant United States Attorneys Ronald Gendron and Lee H. Vilker on the 7th day of October, 2021.

/s/ Pamela Chin
_____